IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZACHARY MACOMBER,           )
                            )
              Petitioner,   )
                            )
v.                          )     Case No. 22-3234-JWL
                            )
D. HUDSON, Warden, USP-Leavenworth, )
                            )
              Respondent.   )
                            )
_____)

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **denies** the petition.

Petitioner is imprisoned at the federal penitentiary in Leavenworth, Kansas. On October 7, 2022, petitioner filed the instant petition in which he claimed that certain time credits have not been applied to his sentence. On November 10, 2022, respondent filed an answer to the petition as ordered by the Court. The Court previously set a reply deadline of December 14, 2022, but petitioner has not filed any other document.

The First Step Act (FSA) provides for time credits for prisoners who have successfully completed evidence-based recidivism reduction (EBRR) programs. *See* 18 U.S.C. § 3632(d)(4). Petitioner claims that FSA time credits that he has earned have not been applied to his sentence, although he has not indicated the number of credits at issue

or addressed his compliance with any requirements for the application of such credits to determine his release date.[1]

Respondent has shown, however, that petitioner is not eligible to have his release date affected by any such time credits. The FSA provides that these credits are to be applied towards the prisoner's time in prerelease custody or on supervised release. *See* 18 U.S.C. § 3632 (d)(4)(C). A prisoner is eligible for prerelease custody or early supervised release if the prisoner "has shown through the periodic risk assessments a demonstrated recidivism risk reduction or has maintained a minimum or low recidivism risk" while imprisoned. *See id.* § 3624(g)(1). The applicable regulation applies that standard by requiring for prerelease custody either a minimum or low risk maintained through the last two assessments or approval by the warden of a transfer request; and by requiring for early supervised release a minimum or low risk for the last assessment. *See* 28 C.F.R. § 523.44. Respondent has submitted evidence that petitioner was given a medium recidivism risk assessment in September 2022 and that he received high risk assessments before that date. Petitioner has not disputed that evidence. Nor has petitioner alleged that the warden denied any request by him for transfer to prerelease custody. Accordingly, petitioner is not entitled to have

---

[1] In his petition, petitioner lists various steps he took to exhaust administrative remedies. In its answer, respondent asserts that exhaustion of petitioner's administrative remedies was not completed until after the petition was filed in this Court. Because petitioner did eventually exhaust, however, respondent has not sought dismissal on that basis, but has instead addressed the merits of the claim.

his earned credits applied to affect his release date, and the Court therefore denies the petition.[2]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus relief under 28 U.S.C. 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 3rd day of January, 2023, in Kansas City, Kansas.

 /s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[2] The Court also notes that petitioner has not responded to the Court's notice of deficiency based on his failure to submit either the required filing fee or a proper motion to proceed *in forma pauperis*; the petition would therefore be subject to dismissal for that reason as well.